UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STORM RIVERA,

                Petitioner,

        -v-                         9:23-CV-0898

SUPERINTENDENT,
Bare Hill Correctional Facility

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

STORM RIVERA
Petitioner, Pro Se
19-A-1346
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953


HON. LETITIA JAMES              MICHELLE E. MARKOV, ESQ.
Attorney for Respondent          Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224


DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On July 26, 2023, petitioner Storm Rivera ("Rivera" or "petitioner"), acting *pro se*, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (the "Petition") citing ineffective assistance of counsel.[1]  Dkt. No. 1.  On July 28, 2023, U.S. Magistrate Judge Christian F. Hummel conducted an initial review of Rivera's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and Section 2255 Proceedings and 28 U.S.C. § 2243.  Dkt. No. 2.  Judge Hummel concluded that it was not "plainly apparent that petitioner [was] not entitled to relief[,]" and directed respondent, the Bare Hill Correctional Facility Superintendent ("respondent") to respond to the Petition.  *Id.*

On March 28, 2024, respondent filed its opposition to the Petition under seal.[2]  Dkt. Nos. 15, 17.  Rivera filed a reply on May 10, 2024.  Dkt. No. 23.

In 2019, Rivera was tried in county court for rape in the first degree.  Dkt. No. 24.[3]  During jury deliberations, the jury foreperson informed the trial judge that one of the jurors ("Juror 6") revealed to other members of the jury

---

[1] Rivera paid the requisite statutory filing fee.  Dkt. No. 1.

[2] On March 19, 2024, respondent moved the Court for permission to file its response under seal due to privacy concerns because the substance of petitioner's § 2254 claim implicated a juror's history of sexual assault.  Dkt. No. 13.  That request was granted, Dkt. No. 14, and respondent's memorandum of law and accompanying exhibits—including the trial record—were filed under seal on March 28, 2024.  Dkt. No. 16.

[3] The relevant factual background is described in detail by Judge Hummel in the Report & Recommendation.  Dkt. No. 24.

that she was a victim of sexual assault, despite not revealing this information during jury selections.[4] *Id.* At that time, petitioner's trial counsel raised the issue of whether Juror 6 was "grossly unqualified" to serve on the jury. *Id.* After questioning by both the trial judge and counsel, Juror 6 affirmed that she could remain impartial. *Id.* Neither party moved to disqualify Juror 6 and the jury were permitted to return to deliberations. *Id.*

After the jury returned a guilty verdict, Rivera moved to set aside the verdict citing ineffective assistance of counsel due to his trial counsel's failure to move to disqualify Juror 6. Dkt. No. 24. That motion was denied. *Id.* Petitioner then pursued a direct appeal all the way to the Supreme Court of the United States. *Id.* Petitioner's appeal was unsuccessful. *Id.*

On January 3, 2025, Judge Hummel advised by Report & Recommendation that Rivera's § 2254 petition be denied and dismissed in its entirety. Dkt. No. 24. Judge Hummel further advised that no Certificate of Appealability ("COA") be issued due to petitioner's failure to make a "substantial showing of the denial of a constitutional right" as § 2253(c)(2) requires, and that, any further request for a COA should be directed to the Court of Appeals for the Second Circuit. *Id.*

---

[4] During jury selections, prospective jurors were asked to disclose whether a family member, close friend, or they themselves had been the victim of a crime. Dkt. No. 24.

Rivera has filed timely objections to Judge Hummel's Report & Recommendation. Dkt. No. 26. In brief, petitioner argues that Judge Hummel improperly determined that his Petition was unexhausted and failed to properly weigh all of the evidence in the trial record in determining that his trial counsel's performance was not constitutionally deficient. *Id*. Upon *de novo* review, Judge Hummel's Report & Recommendation will be accepted and adopted in all respects. *See* FED. R. CIV. P. 72(b).

*First*, Judge Hummel correctly reasoned that Rivera's petition was unexhausted. Dkt. No. 24. As Judge Hummel advised, petitioner presents a "mixed" claim of ineffective assistance of counsel. *Id*. The crux of petitioner's claim is whether his trial counsel was constitutionally ineffective when he failed to move to disqualify Juror 6 after the trial court determined she was not "grossly unqualified." *Id*. This kind of claim turns on the trial counsel's strategic reasons for not pursuing a motion or objection to the trial court's decision, i.e., evidence not available in the trial record. Plaintiff did not pursue his claim in a collateral challenge, only a direct appeal. *Id*. Thus, petitioner's claim was not properly exhausted.[5] *See Pierotti v. Walsh*, 834 F.3d 171, 177–78 (2d Cir. 2016) (citing *Fulton v. Graham*, 802 F.3d 257, 263 (2d Cir. 2015)) ("New York courts uniformly hold that where, as here, an

---

[5] Judge Hummel also correctly advised that despite petitioner's failure to exhaust his claims, the Court should nonetheless proceed to dismiss the petition on the merits. Dkt. No. 24; 28 U.S.C. § 2254(b)(2).

ineffective assistance of counsel claim turns on facts that are outside of the trial-court record, the claim *must* be brought in collateral proceedings, not on direct appeal.").

*Second*, on the merits, Judge Hummel correctly reasoned that Rivera failed to demonstrate that his trial counsel was constitutionally ineffective. Judge Hummel reasoned that under *Strickland v. Washington*, 466 U.S. 668, 687–89 (1984),[6] petitioner's trial counsel was not deficient when he was ignorant of the proper procedure for questioning Juror 6 or failed to move to disqualify her as "grossly unqualified." Dkt. No. 1.

Judge Hummel reasoned that Rivera's trial counsel raised the issue of whether Juror 6 was "grossly unqualified,"[7] and that, the crux of that inquiry rests with the trial judge's own credibility determination. *See Blackshear v. Artus*, 2019 WL 7971870 (N.D.N.Y. Oct. 30, 2019), *report and recommendation adopted,* 2019 WL 6837719 (N.D.N.Y. Dec. 16, 2019) (citations omitted) ("[I]dentification of juror bias is a factual finding concerning the juror's state of mind that is decidedly within the province of

---

[6] Under *Strickland*, in order to establish that counsel was constitutionally ineffective, petitioners must demonstrate that counsel was *both* deficient and "fell below an objective standard of reasonableness." *Id.*

[7] In New York, a juror is only deemed "grossly unqualified" where it is "obvious" or "convincingly demonstrated" that the juror is unable to render an impartial verdict. *People v. Fisher*, 236 N.E.3d 213, 216 (N.Y. 2024) (citations omitted).

the trial judge."). Thus, petitioner's trial counsel was not constitutionally deficient for accepting the trial judge's determination.

In sum, and after considering petitioner's objection, the Court will accept and adopt Judge Hummel's Report & Recommendation in all respects.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 24) is ADOPTED in all respects;

2. The Petition (Dkt. No. 1) is DENIED and DISMISSED in its entirety;

3. No Certificate of Appealability shall issue;

4. Petitioner shall address any further requests for a Certificate of Appealability to the Court of Appeals for the Second Circuit; and

5. The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  February 5, 2025
        Utica, New York.